UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | |
|---|---|
| GREAT AMERICAN INSURANCE CO., ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Case No. 4:09-cv-17 |
| v. ) | |
| ) | Judge Mattice |
| EDWARD SCOT POTTER, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

# ORDER

Before the Court is Plaintiff's Motion for Dismissal of Case [Court Doc. 26] without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). As Defendants previously filed an answer, and object to the dismissal of this action, Plaintiff may only dismiss its case with permission of the court. *See* Rule 41(a)(1)-(2). Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."

According to the United States Court of Appeals for the Sixth Circuit, "[w]hether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court." *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994). A district court must determine whether "the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Id*. at 718 (quoting *Cone v. W. Va. Pulp & Paper Co.*, 330 U.S. 212, 217 (1947); *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 473 (7th Cir. 1988)). In making this determination, the district court should consider such factors as "the defendant's effort and expense of preparation for trial, excessive delay and lack of

diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Grover*, 33 F.3d at 718. These factors will be addressed in turn.

First, at the time of Plaintiff's motion, the Court had not yet held a discovery planning conference in this action. Thus, it is not apparent that Defendants had incurred significant expense in preparation for trial. Second, nothing in the record indicates that Plaintiff acted in a dilatory or indiligent manner in prosecuting its case. Third, Plaintiff has offered a reasonable explanation for seeking dismissal of this action – the fact that the underlying action to this declaratory judgment action has been dismissed. (Court Doc. 26.) Fourth, Defendant has not filed a motion for summary judgment.

Defendants argue that this action should not be dismissed because "the issues of duty to defend and cost to defend have never been ruled on." (Court Doc. 27 at 2.) Although Defendants' statement is true, it does not establish that dismissal of the instant action will cause them to suffer legal prejudice. Defendants have failed to show how dismissal of this action would prejudice their ability to obtain a ruling on Plaintiff's duty to defend, beyond perhaps the necessity of filing a second lawsuit. As noted above, a defendant opposing voluntary dismissal must show prejudice beyond simply the filing of a second lawsuit. *Grover*, 33 F.3d at 718.

Having considered all the facts and circumstances of this case, the Court finds that the balance of factors outlined above weighs in favor of dismissal of this action. Accordingly, Plaintiff's Motion for Dismissal of Case [Court Doc. 26] is **GRANTED** and the instant action is **DISMISSED WITHOUT PREJUDICE**. The Clerk shall close the case.[1]

SO ORDERED this 23rd day of July, 2009.

                                          */s/Harry S. Mattice, Jr.*
                                          HARRY S. MATTICE, JR.
                                          UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that Defendants had also filed a Third-Party Complaint in this action. Contemporaneous with their objection to Plaintiff's Motion for Dismissal of Case, Defendants moved to dismiss their Third-Party Complaint. (Court Doc. 27.) Because the Third-Party Defendants had not yet answered the Third-Party Complaint at the time Defendants' moved to dismiss, no Court action was required to dismiss the Third-Party Complaint. *See* Fed. R. Civ. Proc. 41(a)(1). Pursuant to Federal Rule of Civil Procedure 41(a)(1), dismissal of the Third-Party Complaint was effective upon the filing of the Motion to Dismiss by the Third-Party Plaintiffs.